## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DAISYBEL TOLBERT,**

      **Plaintiff,**

**CASE NO.:**

**v.**

**JURY TRIAL DEMANDED**

**ONEMAIN FINANCIAL GROUP, LLC.**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, Daisybel Tolbert ("Plaintiff"), by and through the undersigned counsel, hereby files suit against OneMain Financial Group, LLC ("Defendant"), and states as follows:

## NATURE OF ACTION

1.    Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq*., the Telephone Consumer Protection Act ("TCPA").  Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

## JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq*.  Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida. Plaintiff suffered damages in Pinellas County, Florida.

## PARTIES

4.      Plaintiff, Daisybel Tolbert, is a natural person who resides in Pinellas County, Florida.  Plaintiff is also a "consumer" as that term is defined by Fla. Stat. § 559.55(8), with a "consumer debt" pursuant to Fla Stat. § 559.55(6), and is a "person" pursuant to 47 U.S.C. § 227.

5.      Defendant, OneMain Financial Group, LLC, is organized in Delaware, does business in the State of Florida, is a "creditor" as that term is defined by Fla. Stat. § 559.55(5), and is a "person" under 47 U.S.C. § 227.

6.      Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce, or the mails, including without limitation to, electronic communication to communicate with Plaintiff.

7.      The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others.  The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

8.      On September 26, 2017, Plaintiff filed for Chapter 7 bankruptcy

9.      Plaintiff owed Defendant an alleged debt that was included on Plaintiff's bankruptcy schedule (the "Alleged Debt").

10.     Beginning in approximately December 2017, Plaintiff began to receive collection calls from Defendant to her cell phone in attempts to collect on the Alleged Debt.

11.     The Alleged Debt resulted from purchases related to personal and household purposes and is therefore a "debt" as that term is defined by Fla. Stat. § 559.55(6).

12.     Defendant would call Plaintiff's cell phone, home phone, and her husband's cell phone.

13.     In December 2017, Plaintiff answered a call from Defendant on her cell phone, told Defendant about her bankruptcy and demanded Defendant to stop calling her regarding the Alleged Debt.  Defendant's representative replied that it would continue to call Plaintiff.

14.     Notwithstanding Plaintiff's cease and desist request, Defendant continues to call Plaintiff three days a week, multiple times each day.

15.     Defendant placed the calls to Plaintiff's cell phone using an automatic telephone dialing system.  This was evidenced by the fact that Defendant called from multiple different phone numbers and because of the high amount of phone calls Plaintiff received from Defendant.

16.     Defendant's conduct constitutes violations of the FCCPA and the TCPA.

## COUNT I

## VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT

17.     This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq*.

18.     Plaintiff re-alleges and incorporates paragraphs 1 through 16, as if fully set forth herein.

19.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

20.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

21.     Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

22.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

23.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violation of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

24.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

25.     Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages.

Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated § 559.72(7) the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

### VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

26.     This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq*.

27.     Plaintiff re-alleges and incorporates paragraphs 1 through 16, as if fully set forth herein.

28.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

4

29.     Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

30.     Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

31.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

32.     Pursuant to Fla. Stat. § 559.77(2), as a result of the above violation of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

33.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

34.     Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages.

Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated § 559.72(9) of the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATIONS OF THE TCPA BY DEFENDANT

35.     This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

36.     Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth herein.

37.     Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

38.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

39.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

40.     Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

41.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

42.     As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

43.     Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

Plaintiff respectfully requests this Court enter a judgment against  Defendant: (1) finding that Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding that Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: April 17, 2018              Respectfully Submitted,

**TOLICUS LAW, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:     (813) 336-0832


/s/ Gus M. Centrone
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@tolicus.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@tolicus.com
**ALEXANDER D. LICZNERSKI, ESQ.**
Florida Bar No. 123873
e-mail: alicznerski@tolicus.com
**Attorneys for Plaintiff**